By the Court.—Sedgwick, J.
The appeal is taken from an order that the plaintiff file security for costs, &c. The order does not direct in what form the undertaking should be, and on this appeal it does not appear that an undertaking has been filed. It was, however, orally claimed by the counsel for the respondent that an undertaking had been filed, and that therefore this appeal should be dismissed. But, as no motion to dismiss had been made, and the claim was not presented on affidavit, the court decided not to entertain the motion to dismiss, but to proceed to the merits of the appeal.
If the learned judge had power to grant the order, the facts of the case show no reason why his particular exercise of discretion should be reviewed.
The court of appeals held, in Reade v. Waterhouse (52 N. Y. 587), that an assignee in bankruptcy was a trustee of an express trust within the meaning of section 317 of Code of Procedure. At the end of the section is the clause “ And the court may, in its discretion, in the cases mentioned in this section, require the plaintiff to give security for costs.” When the meaning of a statute is plain, "it must be followed without an attempt to construe another meaning into it, or out of it. The meaning is clear if the “ cases mentioned ” can be ascertained. If that includes, as a case, where a trustee of an express trust is plaintiff, and where, by *156 the section, costs shall be recovered, as in an action by a person prosecuting in his own right, the court had discretion to require security. If, however, something more limited was meant by a “case mentioned,” it would be when the “costs shall be only chargeable upon or collected of the estate, fund, or party represented. ’ ’ This would be a “ caseand the third ‘ ‘ case ’ ’ would be, ‘ ‘ unless the court shall direct the same to be paid by the plaintiff . . . personally, for mismanagement or bad faith in such action,” &o. Undoubtedly the section meant that the security should be required before the event of the special provision for costs in the judgment had been reached. It was to be given, in a proper case, before the defendant had yet suffered the expense or burden of meeting the claim. It could only secure this, viz. : that the estate should really pay the costs, or that the plaintiff personally should pay them, if he were charged for his mismanagement or bad faith. I do not see how the section could mean that the power of the court to require security was limited to the single case of mismanagement or bad faith on the part of the plaintiff, to be shown before the security would be required.
I am of opinion that if “by cases mentioned” the section did not intend actions by executors, administrators, trustees of an express trust or a person expressly authorized by statute, as a matter of formal interpretation, it substantially meant so by classifying such actions in the subdivision, (1) when the costs are chargeable against the fund, (2) when they are to be paid by the plaintiff personally.
The only doubt as to' this may be that an assignee in bankruptcy, no matter how valuable the assets, has no “ estate or fund” under the power of a State court. Be this so ; then an action brought by an assignee in bankruptcy is a case by itself mentioned in the section, and if the section intended that security should be re *157 quired when there was an estate or fund on which a State court could charge costs, its intention applied more strongly to a case where there was no such fund.
I am of opinion that the order should be affirmed, with costs.
Van Vorst, J., concurred.